*Ex parte*—FRANCIS LEE, Lieutenant Colonel of the Sixth Infantry, and Brevet Colonel in the Army of the United States.

Judges of Probate are not invested with any powers which authorize them to issue writs of Habeas Corpus.

The Act of the Legislative Assembly establishing the Court of Probate, created a new tribunal—a Court of Record with new powers and duties. That Act is not a supplement to the Act of the Legislative Assembly of Wisconsin Territory. It supersedes and repeals the Statute of Wisconsin relative to Judges of Probate.

Prohibition issued to restrain a Judge of Probate from proceeding under Habeas Corpus issued by him.

Francis Lee, Case of

On the 17th day of July, 1851, Colonel Francis Lee presented the following petition to the Supreme Court.

" *To the Honorable, the Supreme Court of the Territory of Minnesota :*

" The petition of Francis Lee, Lieutenant Colonel of the Sixth Infantry and brevet Colonel in the Army of the United States, respectfully represents unto your Honors, that your petitioner is now in command of the Garrison at Fort Snelling in said Territory.

" That on the 17th day of June, 1851, Henry Shafer, John McCarthy, John G. Weible, John W. Lynch, John O'Connell, William Gallinbeck, Thomas Cronghin, Company D, First Dragoons; Augustus Jenks, John Bigtold, George W. Clarkson, Patrick Powers, Frederick Stoll, Nicholas Seiter, Francis Dwyre, William Peters, Thomas H. Weigley, Bryan Feeley, John Myers, Companies K and C, Sixth Infantry, soldiers enlisted in the Army of the United States, and stationed at Fort Snelling, aforesaid, by William H. Hubbard, an Attorney in their behalf, presented a petition to the Judge of Probate of Ramsey County, in said Territory, which office is, as your petitioner is informed, now held by one Henry A. Lambert; setting forth that they were restrained of their liberty by your petitioner, and praying the said Judge of Probate to grant a writ of Habeas Corpus, directed to your petitioner, requiring him to bring before the said Judge of Probate, the bodies of the men before named; a copy of which Petition is hereunto annexed, marked ' A,' and your petitioner prays that the same may be regarded as a part of this application.

" That on the 18th day of June, 1851, the said Henry A. Lambert, Judge of Probate of Ramsey County, in the Territory of Minnesota, aforesaid, issued a writ of Habeas Corpus, so called, directed to your petitioner, commanding him to have the bodies of the men before named before him, the said Henry A. Lambert, Judge of Probate, immediately after the receipt of the said writ, a copy of which writ of Habeas Corpus is hereunto annexed marked ' B,' and your petitioner prays that the same may be taken as part of this petition.

" That your petitioner, being advised by his counsel, and by

the District Attorney of the United States for the Territory of Minnesota, that the said Judge of Probate had no authority to issue the said writ of Habeas Corpus, and that the service of the same upon land reserved by the Government of the United States for military purposes, and for the purpose of discharging soldiers from the Army of the United States, was entirely illegal, refused to obey the command in said writ contained, and refused to have the bodies of the men before named, before the said Henry A. Lambert, Judge of Probate, as required.

"That on the 23rd day of June, 1851, the said Henry A. Lambert, Judge of Probate of Ramsey County, issued a writ of Attachment, addressed to the Marshal of the Territory of Minnesota, commanding him to attach the body of your petitioner for disobedience of the said writ of Habeas Corpus, a copy of which writ of Attachment is hereunto annexed marked 'C,' and your petitioner asks that the same may be made a part of this, his petition.

"That Henry L. Tilden, Marshal of the Territory of Minnesota, by his deputy, C. P. V. Lull, arrested your petitioner pursuant to the command of the said writ of Attachment.

"That your petitioner was, on the 25th day of June, 1851, discharged from the custody of the said Marshal, by order of the Hon. Aaron Goodrich, Chief Justice of the Supreme Court of the Territory of Minnesota.

"That on the 2nd day of July, 1851, the said Henry A. Lambert, Judge of Probate, issued an *alias* writ of Attachment, directed to the Marshal of the Territory of Minnesota, commanding him again to attach the body of your petitioner; pursuant to which *alias* writ, your petitioner has been again arrested; that a copy of said *alias* writ of Attachment is hereto annexed marked 'D,' and your petitioner prays that the same may be taken as part of this, his petition.

"That since the issuing of the writ of Habeas Corpus aforesaid, and notwithstanding your petitioner's disobedience of the same, the said Henry A. Lambert, Judge of Probate, has, by a process which he calls a '*precept*,' professedly issued under, and in execution of, the said writ of Habeas Corpus, brought before him nine of the men before named, and discharged

them from their contract of enlistment as soldiers in the Army of the United States.

"And your petitioner further represents unto your Honors, that the said Henry A. Lambert, Judge of Probate, has both verbally and in writing, avowed his intention and determination to continue to issue '*precepts*,' and will, of course, discharge the men under the command of your petitioner, as heretofore. That said '*precepts*' are issued avowedly in furtherance of the purposes of said writ of Habeos Corpus, and are intended to be based thereon.

"And your petitioner further represents unto your Honors, that the assumption of authority to issue writs of Habeas Corpus, and to discharge the men stationed at Fort Snelling from their contract of enlistment, by the said Henry A. Lambert, Judge of Probate, has awakened discontent and insubordination in that portion of the Army under the command of your petitioner, and that it has extended to such a degree that the men improve every opportunity to escape to the office of the said Henry A. Lambert, Judge of Probate, for the purpose of obtaining a discharge.

"And your petitioner believes that the continuation of the proceedings under the said writ of Habeas Corpus, and the issue of said '*precepts*,' will work serious injury to the military service, and materially impair the usefulness of the Garrison under the command of your petitioner.

"Wherefore, and for the reason that the said Henry A. Lambert, Judge of Probate, has exceeded his jurisdiction in issuing and executing the said writ of Habeas Corpus, and the said Attachment and *alias* Attachment, and the said '*precepts*,' and is continuing to exceed his jurisdiction, by sending process into territory exclusively subject to the control of the Congress of the United States, for the purpose of discharging men enlisted in the Army of the United States.

"Your petitioner prays your Honors to grant a *Writ of Prohibition*, issuing out of, and under the seal of this Honorable Court, to be directed to the said Henry A. Lambert, Judge of Probate, and the said William H. Hubbard, Attorney for the men before named, and to the said men, commanding them to desist and refrain from any further proceedings in the mat-

ter of the said Habeas Corpus, and the said Attachment and *alias* Attachment, and the said *precepts*, until such time as may be fixed by your Honors, and inserted in said writ, and until the further order of this Honorable Court therein; and then to show cause why they should not be absolutely restrained from any further proceedings in the said matter.

"And your petitioner will ever pray, &c.

"FRANCIS LEE,

"Lt. Col. Sixth Inf., Bt. Col. U. S. A."

RICE, HOLLINSHEAD & BECKER, Attorneys for Petitioner.

*Territory of Minnesota*, ss.

Personally appeared before me, Francis Lee, the petitioner above named, who being first duly sworn, did depose and say that the facts set forth in the foregoing petition, so far as they are stated upon his own knowledge are true, and so far as they are stated upon information from others, he verily believes them to be true.

FRANCIS LEE,

Lt. Col. Sixth Inf., Bt. Col. U. S. A.

Sworn and subscribed this 14th day of July, 1851.

JAMES K. HUMPHREY, }
    *Clerk Supreme Court.* }

On the 16th day of July the Court granted the following rule :—

"This day came the said Francis Lee, by his Attorney, and moves the Court that a Writ of Prohibition issue against the said Henry A. Lambert, a Judge of Probate within and for the County of Ramsey, to restrain proceedings upon certain writs of Habeas Corpus issued by the said Henry A. Lambert, and also commanding the said Henry A. Lambert to refrain from issuing other writs of Habeas Corpus, directed to the officers or soldiers of the Garrison at Fort Snelling, for reasons on file.

"Whereupon it is ordered, that the said Henry A. Lambert, Judge of Probate, appear before this Court on Saturday next, the 19th day of July, A D, 1851, at ten o'clock, A M, and

show cause why a writ of Prohibition should not issue restraining him from the proceedings complained of in the petition of the said Col. Francis Lee, on file in this Court.

"And it is further ordered that a copy of this rule be served upon the said Henry A. Lambert, by the Marshall."

On the 19th, Lambert appeared by counsel, and filed the following answer :—

" *To the Honorable, the Judges of the Supreme Court, for the Territory of Minnesota:*

"The answer of Henry A. Lambert, Judge of Probate of the County of Ramsey; and ex-officio Supreme Court Commissioner, to the petition of Col. Francis Lee, praying for a writ of Prohibition against this respondent, in the matter of a Habeas Corpus heretofore issued by this respondent, upon application of William H. Hubbard, in behalf of Augustus Jenks *et. al.* and the proceedings had therein.

"This respondent respectfully represents to your Honors, that he ought not to be prohibited from further proceeding in said matter of Habeas Corpus and Attachment, because he says that he, as an officer of the United States for this Territory, is authorized by the Organic Act and the laws of the Territory of Wisconsin, in force in this Territory, to issue the writ ot Habeas Corpus throughout the entire County of Ramsey aforesaid, and the entire County of Dakota aforesaid, (it being attached to the County of Ramsey for judicial purposes, and there being no officer residing in the County of Dakota authorized to issue said writs.)

"He denies that the so-called Military Reserve at Fort Snelling is under any other, or different, jurisdiction than that to which the balance of this Terrritory is subject.

"He admits the issuing of said writs of Habeas Corpus and Attachment as the officer aforesaid has in said petition set forth: and also the discharge of the persons therein, in said petition mentioned, on the return of the precept, upon cause shown, from the custody of said petitioner.

"That the first writ of Attachment in said petition mentioned, was returned by the Deputy Marshal, in the manner following: 'Served the within on the within-named Lee, and he was dis-

charged from Judge of the District Court, June 25th, 1851.'
That, considering said return insufficient, he, upon demand of
counsel, issued an alias writ of Attachment, as set forth in said
petition, to which last mentioned writ there has as yet been no
return, and respondent cannot say whether said Lee is in cus-
tody under said writ, or not.

"Of all other matters set forth in said petition, not herein-
before admitted, this respondent is ignorant, and asks proof
of the same; and, having shown fully why the said writ of
Prohibition should not issue against this respondent, as Judge
of Probate aforesaid, as prayed for in said petition, he asks to
be discharged with his reasonable costs, &c.

"HENRY A. LAMBERT,

"Judge of Prob. of Ramsey Co. M. T. ex-off. Sup. C'rt. Com'r."

Sworn to and subscribed before me, this 19th day of July, 1851.

CHARLES R. CONWAY,
        *Notary Public*, Ramsey Co. M. T.

HOLLINSHEAD for the rule.

A Writ of Prohibition is a writ issued by a superior Court
directed to the Judge and parties of a suit in an inferior Court,
commanding them to cease from the prosecution of the same
upon a suggestion that the cause originally, or some collateral
matter arising therein, does not belong to that jurisdiction, but
to the cognizance of some other Court.

The reason of Prohibitions in general, is: that they preserve
the rights of the Courts, and of individuals. The wisdom and
policy of the law suppose both best preserved when everything
runs in its right channel: as, if one might be allowed to en-
croach, another might, and thus confusion be produced in the
administration of justice. 3 *Black. Com.* 112. *Com. D. h. t.*
*Bac. Abr. h. t. Saun. Index h. t. Vin. Abr. h. t.* 2 *Sell. pr.*
308. 2 *Hen. Be.* 533. 2 *Hill*, 368. *Jacobs' Law Dic. title*
*Prohibition. People vs. Works*, 7 *Wend.* 487-8.

The Supreme Court has a discretion to grant or deny this
writ. *Burrill's Pr.* 182. The 2*d sec. of the* 22*d chap. Laws*
*of Minnesota, on page* 55, authorizes the Supreme Court to
issue writs of Prohibition.

Lambert claims jurisdiction because he says he is acting as Supreme Court Commissioner.

Supreme Court Commissioners only possessed the chamber jurisdiction of a Judge of the Supreme Court of Wisconsin Territory. Under the Constitution of the United States and the decisions of the Supreme Court of the United States, Territorial officers have no authority over districts purchased by the General Government for military purposes. Sheriffs and constables cannot be allowed to obstruct National operations. Petty magistrates should not be encouraged in disbanding the Army, arresting its officers, and exposing the frontier—defenceless—to danger. *See the reasoning of Chief Justice Kent in the case of Jeremiah Ferguson, 9 John's 239; also of Nicholson, C. J. 2 Hall's Law J. 192; case of Emanuel Roberts; Husted's case, 1, J. C. 136; Story's Conflict of Laws, p. 30, 910.* The case of Carlton (7 *Cowen,* 471) was controlled by the act of the Legislature of New-York ceding West-Point to the United States, and if it were not it is not in point. West-Point belonged to the State of New-York. The State jurisdiction having once attached, and not having been surrendered, remains. Here the case is wholly different.

A Judge of Probate in Minnesota has no right to issue the writ of Habeas Corpus at all, for whatever purpose, or wherever served. The statute of Wisconsin vesting the powers of Supreme Court Commissioner in a Judge of Probate has been repealed and supplied by the statute of Minnesota establishing Courts of Probate, and the power of issuing writs of Habeas Corpus is not enumerated as among the items of jurisdiction vested in the Court of Probate. No such officer as a Judge of Probate of Wisconsin Territory, exists in Minnesota. Where the powers and duties of a Court are defined by statute, and no reference is made to former enactments—it is manifestly improper to infer a jurisdiction entirely different, and give to the Court a power belonging to another tribunal.

The proceedings of the Judge of Probate are illegal, even if he has power to issue writs of Habeas Corpus, because the Military Reservation on which Fort Snelling is situated, is entirely and exclusively under the jurisdiction of the Federal Government, and Territorial officers have no authority there, whatever.

*16th clause of 8th sec. Cons. U. S.   Cherokee Nation vs. State
of Georgia,* 5 *Peters,* 1.   1 *Kent's Com. p.* 429-30.   *Com. vs.
Clary,* 8 *Mass. R.* 73.   *Com'th. vs. Young.* 1 *Hall's Jour. Juris.*
53.   *Opinion of the Judges,* 1 *Metcalf's R.* 580.

Mr. LAFAYETTE EMMETT, contra.

Congress has unlimited and exclusive jurisdiction over every
part of the Territory. The Military Reserve is under no other
jurisdiction than that to which the rest of the Territory is sub-
ject.   There is no division of powers between the United States
and the Territory; but every official act is done in the name
and by the authority of the United States.   3 *Story's Com.*
193, *et. seq.*   1 *Kent,* 183, *et seq.*   *Kendall vs. U. S.* 12 *Peters,*
524, 619.

The Court of Probate being created by the Organic Act, the
Probate Judge is not a mere Territorial officer, but an officer
of the United States—as much so as are the Judges of the Su-
preme and District Courts.   *Wise vs. Withers,* 1 *Cond.* 552.
(3 *Cranch.*)

When the office of Supreme Court Commissioner was abolished
all the power and duties of that office were conferred upon the
Judge of Probate, (except the allowance of writs of *injunction.*)
The Supreme Court Commissioner was especially empowered
to issue writs of Habeas Corpus.   The Supreme Court Commis-
sioner was authorized by the laws of Wisconsin Territory, in
force here, to do any act which a Judge of the Supreme or Dis-
trict Court could do out of Court, and none doubted their
authority to serve a writ of Habeas Corpus over the Reserve.

Neither Congress nor the Territorial Legislature, have ever
made or recognized any distinction between the Reserve and
the rest of the Territory, but they have always been treated as
equally under the exclusive jurisdiction of the United States.

The County of Dakota being attached to Ramsey County
for judicial purposes, and the whole of the Reserve lying with-
in these Counties, Judge Lambert, as an officer of the United
States, has jurisdiction over every part of it.

The law of 1849 is not repugnant to, and does not, without
a repealing clause, repeal the act of Wisconsin Territory; but

is cumulative or auxiliary, and merely defines the duties of a Probate Judge in testamentary and administration matters. *Beals vs. Hall,* 4 *Howard,* 37. *Wood vs. the United States,* 16 *Peters,* 342. *Davis vs. Fairtairn,* 3 *Howard,* 636.

*By the Court*—COOPER, J. The object of this application was to obtain a writ of Prohibition to restrain the Judge of Probate from issuing writs of Habeas Corpus, directed to the Commandant at Fort Snelling, a United States Military Garrison—commanding and requiring him to have before said Judge of Probate, certain soldiers under his command, regularly enlisted in, and belonging to, the United States Army.

The relator raised, for the consideration of the Court, two questions, both going to the jurisdiction of the Probate Judge.

First. That the Judge of Probate has no power or authority to isssue writs of Habeas Corpus in any case.

Second. That even does he possess such power, being a mere Territorial officer, he cannot enforce the execution of his precepts on the Military Reservation at Fort Snelling, such territory being under the exclusive jurisdiction of Congress.

We find it necessary to rule the first proposition only, that going to the *gist* of the application. It is the unanimous opinion of the Court, that Judges of Probate are invested with no powers which authorize them to issue writs of Habeas Corpus. The Judge of Probate in the present case, assumes to derive his authority from an act of the Territory of Wisconsin. The Legislative Assembly of that Territory created an officer known as a *Supreme Court Commissioner,* and invested him (how properly, it is unnecessary for us to say) with all the powers which a Territorial Judge might exercise at chambers.

Subsequently, however, that officer was abolished, and the powers he exercised, conferred on the Judges of Probate of the several counties.

To be entirely intelligible, it is proper here to state that the act of Congress organizing this Territory, provides "That the "laws in force in the Territory of Wisconsin, at the date of the "admission of the State of Wisconsin, shall be valid and oper- "ative therein so far as the same be not incompatible with the "provisions of this act: subject, nevertheless, to be altered,

"modified, or repealed, by the Governor and Legislative "Assembly."

Under the provisions of the laws of Wisconsin, as they existed at the date of the organization of this Territory, if not incompatible with any Federal law, the Judges of Probate would have possessed unquestioned authority to issue writs of Habeas Corpus, and to have done all the other chamber business of a United States District Judge; but at the first session of the Legislature of this Territory, an act was passed, which, settling this question, took from the Judges of Probate these powers. That act *created* a new Court—a Court of Record, with new powers and duties—a Court which entirely superseded in its powers and duties all the functions of the Judges of Probate under the laws of Wisconsin. This act created a Court of Probate. It defined its powers: it prescribed its duties. It covered the whole ground of the duties of a Probate Court. It gave it exclusive jurisdiction over the estates of decedents, minors, lunatics and habitual drunkards. It went, however, no further. It gave no power to issue writs of Habeas Corpus.

That act recited *verbatim et literatim* many of the sections and provisions of the act of Wisconsin. Why was this, if this act of the Territory of Minnesota was only intended as a supplement to the act of Wisconsin regulating the duties of Judges of Probate? Why recite section after section—why recapitulate in the same words, duty after duty prescribed by the laws of Wisconsin, if this act was not intended to supersede and repeal the other?

There is no reason. There could be no reason for such a course; and we are satisfied that our own act did repeal and supersede the act of Wisconsin; and that the duties assigned to a Supreme Court Commissioner do not exist in the Judges of Probate here.

But there is another reason for taking this view, and one which is unanswerable.

That is, the distinction made in the *creation* of our Courts of Probate.

The act of Minnesota regulating the duties of Courts of Record, *creates*, by express and appropriate terms, a *Court of Probate*, which shall be a *Court of Record.* The Court of

Probate of Wisconsin, was a *ministerial* office—its Judge a ministerial officer.   Can we, therefore, by mere implication, confer upon a distinct and different tribunal powers and duties which belonged to another tribunal, and not legitimately within the purview of its duties, or the object of its creation.

This question can be answered but one way.—No !   It is not necessary that an actual repealing clause should be used to discontinue or supersede an existing enactment.   The creation of a new Court, as in the present case, with new duties and powers, but at the same time embracing all the powers and duties theretofore exercised by an inferior tribunal, is equivalent to a repeal :  it is a substitution of one for another tribunal.

In this case, the office of the Judge of Probate, as it existed under the laws of Wisconsin, was in effect abolished by the creation of a new Court, organized upon entirely different principles :  its duties covering the ground of the legitimate object of a Court of Probate.   But there is no . necessity to extend this reasoning further.   Our Court of Probate was created by our own statute.   When it came into existence, its predecessor expired.   Before that time, neither here nor in Wisconsin, did such a tribunal exist.   And being the creature of our own peculiar statute—the offspring of our own Legislative body cannot claim prerogatives or powers drawn from any other paternity, without express legislation conferring such powers and prerogatives.

The writ of Prohibition is allowed.